Being unable to agree with the majority opinion, I respectfully dissent. The majority concludes that although the trial court erred in relying on the testimony of Murphy to find apparent authority, the judgment of the trial court nonetheless should be affirmed because other evidence in the record supports the trial court's determination. Because the other evidence the majority cites is ambiguous, I would reverse the judgment of the trial court and remand to allow the trial court to consider the evidence and redetermine the issue of apparent authority.
Specifically, the magistrate in the trial court found apparent agency in the conclusions of law portion of the decision, but made no findings of fact to support apparent agency. On objections to the magistrate's decision, the trial court relied on the testimony of the agent, Murphy, in finding apparent agency. Consideration of apparent authority, however, requires an examination of the representations and conduct of the principal, not the agent. Villagran v. Central Ohio Business Services, Inc. (June 8, 1995), Franklin App. No. 94APE08-1267, unreported. The majority focuses on the testimony of Doherty, who stated he told Tamara Cannon that if there was any misuse of funds "other than for RGB products," he wanted to know about it. (Tr. 66.) Doherty's statement is subject to differing interpretations. On the one hand, it suggests at least some knowledge that Murphy was misusing or apt to misuse RGB funds, and negligence resulting in Doherty's not overseeing Murphy more closely. On the other hand, it may suggest that Doherty, who had no knowledge of Murphy's misusing RGB's funds, was being vigilant in seeking to ascertain the slightest misdeed, and sought DMC's assistance in the endeavor.
Because the trial court, in the first instance, should resolve the ambiguity in Doherty's testimony, I would reverse the judgment of the trial court and remand for further consideration of the issue of apparent authority.